UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Appellee, | : | |
| | | 11-CR-269 (DLI) |
| v. | : | |
| MICHAEL CARUSO, | : | |
| Defendant-Appellant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**APPEAL FROM A FINAL JUDGMENT
OF THE UNITED STATES MAGISTRATE JUDGE
FOR THE EASTERN DISTRICT OF NEW YORK**


*REPLY BRIEF FOR DEFENDANT-APPELLANT*


**David J. Klem, Esq.**
**Christopher Flood, Esq.**
**Annalisa Mirón, Esq.**
WASHINGTON SQUARE LEGAL
SERVICES, INC.
245 Sullivan Street, 5th Floor
New York, NY 10012

**Deborah Frankel**
**Tina Peng**
      Student Attorneys

Counsel for Defendant-Appellant
**Michael Caruso**


February 18, 2012

## TABLE OF CONTENTS

Table of Authorities ........................................................................................................... ii

Preliminary Statement ...................................................................................................... 1

Argument ............................................................................................................................ 1

    WITH NO LEGITIMATE CHARGING DOCUMENT TO CONFER JURISDICTION, THE
COURT WAS WITHOUT AUTHORITY TO ADJUDICATE MR. CARUSO'S GUILT ON
THE COMMERCIAL OPERATIONS CHARGE................................................................... 1

# TABLE OF AUTHORITIES

**Cases**

Chu v. United States, No. 06 Civ. 13509 (S.D.N.Y. March 20, 2008)............................................. 4

Davis v. United States, 411 U.S. 233, 241 (1973) ......................................................................... 5

Kreck v. Spalding, 721 F.2d 1229 (9th Cir. 1983) ........................................................................ 2

Murrell v. Gov't of Virgin Islands, 2009 WL 1884373 (D.V.I. 2009) ........................................... 4

Simon v. Virgin Islands, 2002 WL 1906542 (Terr. Ct. 2002) ........................................................ 2

United States v. Bullock, 914 F.2d 1413 (10th Cir. 1990) ............................................................. 5

United States v. Burch, 169 F.3d 666 (10th Cir. 1999) .................................................................. 4

United States v. Crowley, 236 F.3d 104 (2d Cir. 2000) ................................................................. 5

United States v. Cocoman, 903 F.2d 127 (2d Cir. 1990)............................................................ 4, 5

United States v. Keller, 916 F.2d 628 (11th Cir. 1990))............................................................. 4, 5

United States v. Macklin, 523 F.2d 193 (2d Cir. 1975)................................................................... 4

United States v. Murray, 618 F.2d 892 (2d Cir. 1980) .................................................................. 5

United States v. Personal Fin. Co., 13 F.R.D. 306 (S.D.N.Y. 1952) ............................................. 2

United States v. Seher, 562 F.3d 1344 (11th Cir. 2009)................................................................. 4

United States v. Wander, 601 F.2d 1251 (3d Cir. 1990) ................................................................ 5

Virgin Islands v. Bedford, 671 F.2d 758 (3d Cir. 1982) ............................................................... 3

**Other Authorities**

Oxford English Dictionary (3d ed. 2010) ...................................................................................... 3

**Rules**

Fed. R. Crim. P. 12(b)(3)(B) ...................................................................................................... 4, 5

Fed. R. Crim. P. 7(e) ................................................................................................................... 2, 3

## PRELIMINARY STATEMENT

This brief is submitted in reply to the government's January 26, 2012 response ("Resp.") to Mr. Caruso's November 1, 2011 brief ("Def. Br.") seeking to overturn his April 5, 2011 petty offense conviction.  The government's brief reveals that no authority exists for the prosecuting of a federal criminal charge on the basis of a letter.  That letter did not confer jurisdiction upon the court below to adjudicate guilt, thus Mr. Caruso's conviction must be reversed.

## ARGUMENT IN REPLY

### WITH NO LEGITIMATE CHARGING DOCUMENT TO CONFER JURISDICTION, THE COURT WAS WITHOUT AUTHORITY TO ADJUDICATE MR. CARUSO'S GUILT ON THE COMMERCIAL OPERATIONS CHARGE.

In contravention of the governing rules and in disregard of constitutional precepts, the government boldly claims, with no authority in support, that the court below had subject matter jurisdiction to convict Mr. Caruso of a federal criminal charge based on a mere letter that the government had sent to Mr. Caruso.  Forced to admit that the trial of a petty offense must proceed on either a violation notice, an information, or an indictment, see Resp. at 8, and that Mr. Caruso's trial proceeded by a letter (A. 15-16), the government suggests that its letter constituted a proper amendment of the original commercial fishing charge in the case, see Resp. at 10.  The government is wrong.

Rule 7 of the Federal Rules of Criminal Procedure, which the government concedes applies, see Resp. at 10,[1] does not permit an amendment of the charge if "an additional or

---

[1]   Although agreeing that the defense is correct in finding Rule 7 to govern amendment of violation notices, compare Def. Br. at 10-11 with Resp. at 9-10, the government then strangely asserts that Mr. Caruso somehow "concedes that there is no authority that provides a mechanism for amending a violation or citation notice," Resp. at 10 n.2.  "In the absence of authority," the government goes on to proclaim, "the government's amendment of the violation notice by letter should be upheld."  Id.  First, Mr. Caruso made no such concession.  Instead, he pointed out that Rule 58(a)(2), which governs the procedures to be followed in petty offense cases, provides that courts should

1

different offense is charged or a substantial right of the defendant is prejudiced." The government spends much time on the latter part of that disjunctive phrase, see Resp. at 10-11; however, even if no prejudice is found, cf. Kreck v. Spalding, 721 F.2d 1229, 1232 (9th Cir. 1983) (finding that a sufficient charging document is necessary to "meet the precepts of fundamental fairness upon which the due process clause is bottomed"), the supposed amendment is improper if it charges "an additional or different offense." See Simon v. Virgin Islands, 2002 WL 1906542, *8 (Terr. Ct. 2002); United States v. Personal Fin. Co., 13 F.R.D. 306, 310-11 (S.D.N.Y. 1952).

The government's letter by its plain language added "additional" as well as "different" offenses. The original violation notice charged a single offense of commercial fishing in federal waters (A. 1). The letter advised the defense that the government was adding three new charges, including operating a commercial vehicle in a federal park, launching of a boat in a federal park, and engaging in certain business operations within a federal park (A. 15-16). Whatever arguments the government tenders as to whether the three new charges were sufficiently similar, see Resp. at 11-12, do little to mask that the letter added three "additional" charges. Notably, the government does not, because it cannot, claim that the three new charges were not in addition to the one original charge. See Oxford English Dictionary (3d ed. 2010) (defining "additional" as "That is in addition to something else; added, extra, supplementary"). Thus, under the plain reading of Rule 7(e), the letter could not properly amend the original charge by adding three additional charges.

---

follow the provisions of Rule 7(e) regarding the amendment of violation notices. See Def. Br. at 11. Mr. Caruso cited multiple cases holding just that, including a 2011 circuit court opinion. See id. The government ignores those cases. Second, the government provides for no authority as to why any perceived "absence of authority" should inure to their benefit. If no authority exists that would vest the court with jurisdiction over the matter, the unauthorized amendment should not be upheld.

The government's reliance on <u>Virgin Islands v. Bedford</u>, 671 F.2d 758 (3d Cir. 1982), <u>see</u> Resp. at 11-12, is misplaced.  The <u>Bedford</u> court properly recognized that any amendment under Rule 7(e) would not be permitted if the amendment adds either an "additional" or a "different" offense.  <u>Id.</u> at 765.  The amendment in <u>Bedford</u>, however, was upheld because the government decision to change the charge from first-degree assault (on which the court had found insufficient evidence) to third-degree assault did not add a "different" offense where "the detailed and particular language used [in the charging document] . . . not only contained all the elements necessary to charge assault [in the first-degree], but also all the elements of [third-degree] assault."  <u>Id.</u>  Little issue was made as to whether third-degree assault constituted an "additional" offense because it was being charged in lieu of, and not in addition to, the first-degree assault. <u>Id.</u>  Here, the government purported to add three additional charges all while maintaining the prosecution on the original charge.

The government's attempt to expand the strictures of Rule 7(e) should not be countenanced.  Whether the new charges set forth in the government's letter "arise from the same nexus of facts" as the charge set forth in the original violation notice, Resp. at 12, is not the proper inquiry.  If that were so, the government would be able to add charges by letter at will so long as they could find some "nexus of facts."  That attempt to rewrite Rule 7(e) must fail, and the government's letter should be rejected as not in compliance with the strictures of the rule.[2]

The government's attempt to avoid reversal by claiming that the defense failed to timely object to the court's lack of jurisdiction, <u>see</u> Resp. at 6-8, is wrong as well.  Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure distinguishes between claims of mere defects in the

---

[2]   Contrary to the government's assertion, Mr. Caruso is not suggesting that law enforcements officers must "understand all the nuances of the regulations that a prosecuting attorney would understand." Resp. at 12.  Rather, he is suggesting that the prosecuting attorney understand the rules governing amendment of charges.  If the prosecuting attorney believes that new, different, or additional charges are warranted, it is incumbent upon the government to file a new information or violation notice.

indictments or informations, which must be raised before trial, and claims that the charging

document fails to invoke the court's jurisdiction or to state an offense, which can be raised at any

time.  See United States v. Burch, 169 F.3d 666, 668 (10th Cir. 1999) ("[c]hallenges to a district

court's subject matter jurisdiction may be raised at any time").  The government's failure to

present a proper charging document "deprives [the] court of jurisdiction."  United States v.

Cocoman, 903 F.2d 127, 130-31 (2d Cir. 1990) (citing United States v. Macklin, 523 F.2d 193,

196 (2d Cir. 1975)).

The government is able to cite not a single case that suggests that a court has subject

matter jurisdiction to adjudicate guilt in the absence of a valid charging document.  See Resp. at

7-8 (acknowledging the defense's argument, but citing not a single contrary authority).  To try to

mask the absence of any authority in support, the government castigates the defense for

supposedly not citing authority in support of its claim.  See Resp. at 8.  The government is able

to make that claim only by completely ignoring the four cases discussed in our original papers.

See Def. Br. at 15 (citing and discussing Murrell v. Gov't of Virgin Islands, 2009 WL 1884373,

*5 (D.V.I. 2009); Cocoman, 903 F.2d at 130-31; Chu v. United States, No. 06 Civ. 13509

(S.D.N.Y.  March 20, 2008); United States v. Keller, 916 F.2d 628, 633 (11th Cir. 1990)); see

also United States v. Seher, 562 F.3d 1344, 1359 (11th Cir. 2009) (stating that the failure of an

indictment to properly charge an offense "represents a jurisdictional issue").

The few cases the government cites in support of its claim that an objection had to be

lodged before trial, Resp. at 5, are inapposite.  Davis v. United States, 411 U.S. 233, 241 (1973),

dealt with a grand jury discrimination claim filed three years after the defendant's conviction.

United States v. Crowley, 236 F.3d 104, 107 (2d Cir. 2000), involved a claim that the terms of

the indictment were improperly vague.  And United States v. Murray, 618 F.2d 892, 899 (2d Cir.

4

1980), was a claim about a duplicitous count of an indictment.  All of those cases went to "defect[s] in the indictment or information" and so were required to be raised prior to trial.  See Fed. R. Crim. P. 12(b)(3)(B).  Exempt from that requirement, however, is the distinct "claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense."  Id.

The government's failure to charge Mr. Caruso with unauthorized business operations is a jurisdictional claim that can be raised at any time while the case is pending.  See, e.g., United States v. Bullock, 914 F.2d 1413, 1414 (10th Cir. 1990) ("the failure of an indictment to state an offense is a fatal defect that may be raised at any time"); see also Keller, 916 F.2d at 633 (holding that a "defendant can only be convicted for a crime charged in the indictment"); United States v. Wander, 601 F.2d 1251, 1259 (3d Cir. 1990) (stating that "failure of an indictment sufficiently to state an offense is a fundamental defect . . .  and it can be raised at any time," even after the government has rested its case and it is too late to cure the defect); Cocoman, 903 F.2d at 130 (finding the government's failure to properly charge either defendant fatal to the convictions that followed).

For the foregoing reasons as well as the reasons set forth in the original papers, it is respectfully submitted that the Court reverse Mr. Caruso's conviction.


Dated: Brooklyn, New York
      February 18, 2012

                                    Respectfully submitted,


                                    David J. Klem, Esq.
                                    WASHINGTON SQUARE LEGAL
                                    SERVICES, INC.
                                    245 Sullivan Street, 5th Floor
                                    New York, NY 10012

                                    Deborah Frankel
                                    Tina Peng
                                    *Student Attorneys*

6