UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA,     :
     :
    -against-     :             **MEMORANDUM AND ORDER**
     :               11-CR-269 (DLI)
MICHAEL CARUSO,     :
     :
        Defendant.     :
------------------------------------------------------x
**DORA L. IRIZARRY, U.S. District Judge:**

On April 5, 2011, defendant Michael Caruso ("Defendant") was convicted, after a bench trial before U.S. Magistrate Judge Viktor V. Pohorelsky, of conducting an unauthorized business operation on federal park land in violation of 36 C.F.R. § 5.3. Conducting an unauthorized business operation is a Class B Misdemeanor under 18 U.S.C. § 3559(a)(7) and a petty offense as defined by 18 U.S.C. § 19. On the same date, the magistrate judge imposed a fine of $250.00 and a special assessment of $10.00. The case is now before this court on Defendant's timely appeal of the conviction pursuant to 18 U.S.C. § 3402 and Federal Rule of Criminal Procedure 58(g)(2)(B). For the reasons set forth below, Defendant's conviction is affirmed.

**I.**    **Background**[1]

On the morning of June 4, 2010, by the waters of Jamaica Bay, in Kings County New York, a unit of the Gateway National Recreation Area, an off-duty U.S. Park Police Officer observed Defendant, a retired New York City Police Officer and a duly licensed New York State commercial fisherman, offloading 15 crates of bunker fish from a boat to a van parked on Floyd Bennett Field. A second U.S. Park Police Officer arrived and issued Defendant a violation

---

[1] The facts of this case are not in dispute. Accordingly, the parties' familiarity with the facts and record of prior proceedings is assumed and will be referenced only as needed to explain the court's affirmance.

notice charging him with unauthorized commercial fishing in violation of 36 C.F.R. § 2.3(d)(4). (App. at 1.) [2] The officer wrote the following probable cause statement in the violation notice:

> I responded to investigate a report of commercial fishing in the area of the model airplane field located in Floyd Bennett Field. I observed 3 individuals offloading numerous large crates from a boat to a van. The crates contained hundreds of bait fish (bunker) in each container. I made contact with the def[endant] who did possess a valid commercial state fishing license and explained to him that he was conducting this operation on federal property.

(*Id.*)

On February 3, 2011, the magistrate judge conducted a pre-trial hearing during which the government confirmed that the violation notice would serve as the charging instrument for the trial.[3]   (App. at 5.)  At the same hearing, the government also notified the court and Defendant that it probably would amend the charges and planned to do so by informing the court and Defendant by letter.  (App. at 11.)  Defendant did not object to the government's proposed method of amending the charges.  (*Id.*)  Accordingly, the court set February 9, 2011 as the deadline for amending the charges and March 14, 2011 as the date for trial.  (App. at 11-12.)

By letter dated February 9, 2011, but not received until February 15, 2011, the government informed Defendant that it was amending the violation notice to add three Class B Misdemeanor charges, including the business operation charge.  (App. at 15.)  The letter requested Defendant to "confirm in writing your acceptance of this letter as an amendment to the charging instrument."  (*Id.*)  On February 16, 2011, Defendant sent a reply letter to the government wherein Defendant: 1) confirmed receipt of the government's February 9, 2011

---

[2] "App." citations are to the correspondingly numbered pages in the Appendix for Defendant-Appellant.  (*See* Appendix for Defendant-Appellant annexed to Brief for Defendant-Appellant ("Def. Br."), Doc. Entry No. 19.)

[3] The trial of a petty offense may proceed on a violation notice.  FED. R. CRIM. P. 58(b)(1).

letter; 2) asked the government to redact certain personal information about him from the court's Electronic Case Filing System; 3) notified the government that it erred in its citation to the Code of Federal Regulations regarding one of the proposed amended charges; and 4) requested the government to comply with court deadlines.  (App. at 18.)   In his February 16, 2011 letter Defendant did not object to the government's proposed amended charges.  (*Id.*)  On February 17, 2011, the government sent Defendant a second letter wherein it again amended the violation notice by correcting the citation error made in the February 9, 2011 letter.  (App. at 20.)  For a third time, Defendant made no objections to the government's amendment procedure.

On March 14, 2011, immediately before the start of trial, the government amended the violation notice a fourth time by moving to dismiss two charges.  (App. at 23.)  Accordingly, the government stated it intended to proceed to trial only on the commercial fishing and business operation charges.   (*Id.*)   Because the government gave Defendant no prior notice of the proposed changes, Defendant objected to the timeliness of the government's dismissal of the charges; however, Defendant made no objection to the amendment itself.  (App. at 31-32). Rather, the defense indicated that it might ask the court to provide it with some additional time prior to putting on its witnesses, in light of the dismissed charges.  (App. at 31.)  The court granted the request.  (App. at 32.)

At the close of the government's case, Defendant moved for a judgment of acquittal of all charges under Rule 29 of the Federal Rules of Criminal Procedure ("Rule 29").  (App. at 126-27.)  In addition to the Rule 29 motion, Defendant also moved to dismiss the business operation charge, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B) ("Rule 12(b)(3)(B)"),[4] on the ground that "the Court lacks jurisdiction to consider the business operation charge because

---

[4] Federal Rule of Criminal Procedure 12(b)(3)(B) states, in pertinent part, that "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction[.]"

the government has not filed any sort of valid charging document."  (App. at 134.)  The magistrate judge granted the Rule 29 motion as to the commercial fishing charge but denied it as to the business operation charge.  (App. at 148, 150.)

The magistrate judge reserved judgment on the Rule 12(b)(3)(B) motion, set a schedule for additional briefing on the motion and heard oral argument on April 5, 2011.  (App. at 152, 205.)  At the close of oral argument, the magistrate judge denied the Rule 12(b)(3)(B) motion, finding that the violation notice, as amended by the government's February 9, 2011 letter, constituted a sufficient charging instrument.  (App. at 243-44.)  Moreover, the magistrate judge rejected Defendant's argument that the court lacked jurisdiction over the business operations charge because "the violation noticed as it was filed originally provides the Court with jurisdiction."  (App. at 244.)  Immediately thereafter, the magistrate judge found Defendant guilty of violating 36 C.F.R. § 5.3 and imposed a fine of $250.00 and a special assessment of $10.00.  (App. at 245, 251).

On appeal, Defendant argues the magistrate judge erred in finding the government's February 9, 2011 letter properly amended the violation notice, and, therefore, Defendant was never charged with violating 36 C.F.R. § 5.3.  Consequently, pursuant to Rule 12(b)(3)(B), the magistrate judge was without jurisdiction to adjudicate Defendant's guilt on the business operation charge, and his conviction should be reversed.  (*See* Def. Br.)  This court heard oral argument on Defendant's appeal on April 5, 2012.  (*See* Apr. 5, 2012 Hearing Transcript ("Hr'g Tr.").)

## II.     Discussion

### A.   Standard of Review

This court has jurisdiction over Defendant's appeal pursuant to Federal Rule of Criminal Procedure 58(g)(2)(B).  In an appeal from a magistrate judge's judgment of conviction, "[t]he scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge."  FED. R. CRIM. P. 58(g)(2)(D).  As the issue before this court is a question of law, the magistrate judge's conclusions are reviewed *de novo*.  *See Bessemer Trust Co. v. Branin*, 675 F. 3d 130, 135 (2d Cir. 2012) (citation omitted).

### B.   Waiver of Objection on Appeal

As a threshold matter, the government contends Defendant has waived his objection to the amendment of the violation notice on appeal because he failed to raise the objection before the start of trial.  Under Second Circuit law, "objections to [charging instruments] must generally be raised before trial."  *Freeman v. United States*, 2010 WL 4026067, at *6 (S.D.N.Y. Oct. 14, 2010) (citing *United States v. Murray*, 618 F. 2d 892, 899 n. 8 (2d Cir. 1980)); *see also Murray*, 618 F. 2d at 899 n.8 ("Under FED. R. CRIM. P. 12(b)(2) [currently FED. R. CRIM. P. 12(b)(3)] objections based on defects in the indictment must be raised prior to trial.").  However, claims that an indictment fails to invoke the court's jurisdiction or state an offense may be raised at any time.  FED. R. CRIM. P. 12(b)(3); *see also United States v. Coren*, 2009 WL 2579260, at *1 (E.D.N.Y. Aug. 20, 2009) (citing *United States v. Davila*, 461 F. 3d 298, 308 (2d Cir. 2006)).

Defendant asserts his objection made at the close of the government's case was timely under Rule 12(b)(3)(B), and, therefore, is not waived, because his challenge is not to a defect in the charging instrument but to the magistrate judge's jurisdiction.  Specifically, Defendant asserts that the government's February 9, 2011 letter, purporting to add the business operation

charge, was not a proper amendment to the violation notice.  Accordingly, Defendant concludes that the magistrate judge was without jurisdiction to adjudicate his guilt on the business operation charge.  (*See* Def. Br. at 9-15; Hr'g Tr. at 3-4, 18.)

The government contends Defendant has erred in characterizing his challenge to the amendment of the violation notice as a challenge to the court's jurisdiction under Rule 12(b)(3)(B).  Instead, the government argues Defendant's allegation, properly construed, is an assertion that the government's purported amendment by letter of the charging instrument violated his due process rights.  (*See* Resp. in Opp'n to Def.'s Appeal from a Final J. of the U.S. Magistrate Judge ("Gov't Opp.") at 8, Doc. Entry No. 21 (Defendant "conflate[s] the due process considerations of a charging document with the court's jurisdiction.").)  As such, the government maintains that Defendant's challenge should have been brought under Federal Rule of Criminal Procedure 12(b)(3)(A) ("Rule 12(b)(3)(A)"), which permits a defendant to make a motion before trial "alleging a defect in instituting the prosecution."  (*See* Hr'g Tr. at 21.)  Because Defendant failed to allege a defect in the amendment procedure before trial, the government concludes that the challenge is untimely and thus waived.  (Gov't Opp. at 8; Hr'g Tr. at 21-22.)

The court is not persuaded by Defendant's characterization of his challenge to the amendment procedure as a jurisdictional defect rather than a due process violation.  Here, Defendant concedes the court had jurisdiction over the original charge set forth in the violation notice.  (Hr'g Tr. at 4.)  Moreover, Defendant has cited no authority, and this court can find none, that suggests defects in the amendment of an otherwise valid violation notice deprive a court of its jurisdiction.  Rather, contrary to Defendant's assertion, the Supreme Court has made clear that "defects in [a charging instrument] do not deprive a court of its power to adjudicate a case."  *United States v. Cotton*, 535 U.S. 625, 630 (2002) (citation omitted); *accord United*

*States v. Williams*, 341 U.S. 58, 65 (1951) ("[T]hat the indictment is defective does not affect the jurisdiction of the trial court to determine the case presented by the indictment.").  Furthermore, and perhaps most importantly, despite his claim that the alleged improper amendment procedure created a jurisdictional defect, Defendant asserts the only harm caused by the purported improper procedure is a violation of due process.  (*See* Def. Br. at 14 ("To permit the government to bring a charge, even a petty offense, on the basis of a mere letter . . . offends fundamental principles of criminal procedure and due process."); *id.* at 15 ("In sum, permitting the government to simply add charges by announcing them . . . with no formal procedures or rules governing such additional charges, offends due process.").)  Accordingly, the court finds that Defendant's challenge is properly construed as an allegation that the amendment procedure violated his due process rights and not as a challenge to the court's jurisdiction.

As noted *supra*, in Part I., Defendant had at least four opportunities before the start of trial to object to the amendment of the violation notice, but failed to do so each time.  Moreover, Defendant has not shown good cause for his failure to raise the objection timely.  As such, the court finds Defendant waived his objection to the amendment of the violation notice on appeal because he failed to raise the objection before trial.  *See United States v. Beras*, 131 F. App'x 313, 314 (2d Cir. 2005) (citation omitted) (where defendant fails to bring a Rule 12(b)(3)(A) motion before trial the objection is waived unless defendant can show: (1) good cause for failing to timely raise the issue; and (2) actual prejudice); *see also Gov't of the Canal Zone v. Burjan*, 596 F. 2d 690, 693 (5th Cir. 1979) ("[Defendant] failed to object to the amendment of the information before trial and thereby waived his objections.").  Nevertheless, as set forth below, even in reaching the merits of Defendant's claim, the conviction is affirmed.

### C.  Standard for Assessing Amendments to a Violation Notice

On the merits, the issue before the court is whether the government's February 9, 2011 letter was a proper method of amending the violation notice to include the business operation charge.  The court holds that the government's amendment procedure was proper.

Federal Rule of Criminal Procedure 58 governs the procedure for trials of petty offenses. "Rule 58 contemplates that the charging document for a petty offense need not be as formal or require as much as an indictment or information would."  *United States v. Kowallek*, 438 F. App'x 889, 890 (11th Cir. 2011).  Accordingly, the rule allows a trial of a petty offense to proceed on a citation or violation notice.  FED. R. CRIM. P. 58(b)(1).  However, the rule is silent on how a violation notice may be amended. Where Rule 58 is silent on procedural matters governing petty offenses for which no sentence of imprisonment will be imposed, the rule directs that a "court may follow any provision of these rules [of criminal procedure] that is not inconsistent with this rule and that the court considers appropriate."  FED. R. CRIM. P. 58(a)(2).

While the court finds no case law in this Circuit addressing the appropriate procedure by which a violation notice may be amended, other courts addressing the issue have analogized violation notices to informations, and, accordingly, have concluded that the rules governing informations are "instructive" in cases proceeding by violation notice.  *See United States v. Francisco*, 413 F. App'x 216, 218 (11th Cir. 2011); *see also United States v. Bjerke*, 796 F. 2d 643, 646 (3rd Cir. 1986) (violation notice for petty offense is "functional equivalent" of indictment or information (citing *United States v. Moore*, 586 F. 2d 1029, 1031 (4th Cir. 1978)); *United States v. Rife*, 2010 WL 1948891, at *3 (E.D.Mich. May 13, 2010) (same).

This court agrees with our sister circuits that the rules governing informations are "instructive" for petty offense cases proceeding by violation notice; however, the court is also

8

mindful that "[p]etty offenses are not given the same level of procedural protection as felony cases." *Dean v. United States*, 436 F. Supp. 2d 485, 491 (E.D.N.Y. 2006) (citation omitted); *accord United States v. Boyd*, 214 F. 3d 1052, 1056-57 (9th Cir. 2000) ("[A] violation notice is completed by a law enforcement officer alone, without the oversight of a magistrate" and therefore it "will *not* be equated with a complaint to begin the Speedy Trial Act's clock." (emphasis in original)). Accordingly, the court looks to Federal Rule of Criminal Procedure 7(e) ("Rule 7(e)"), which governs the amendment of an information, for guidance in determining whether the government's amendment of the violation notice by letter was permissible. Rule 7(e) directs: "[u]nless an additional or different offense is charged or a substantial right of the defendant is prejudiced, the court may permit an information to be amended at any time before the verdict or finding."

### D. Additional or Different Offense

Defendant asserts the business operation charge is an additional or difference offense in violation of Rule 7(e) because: 1) it is not a lesser included offense of the commercial fishing charge; and 2) the commercial fishing charge requires, in part, proving "the taking or attempting to take fish," while the business operation charge requires proving "engaging in or soliciting any business in park areas." (Def. Br. at 12-13. (citing 36 C.F.R. §§ 1.4, 5.3).) The government argues the business operation charge is not an additional or different offense because the facts set forth by the U.S. Park Officer in the probable cause statement in the violation notice, if proven at trial, would meet the elements for both the commercial fishing charge and the business operation charge. (Gov't Opp. at 11-12.)

The court has found no case law in the Second Circuit explaining when an amendment of an information constitutes an "additional or different offense" in violation of Rule 7(e).

However, the court finds the Third Circuit's analysis in *Gov't of Virgin Islands v. Bedford*, 671 F. 2d 758, 761 (3rd Cir. 1982), a case cited by both parties, to be instructive.  In *Bedford*, the defendant was charged by information of, *inter alia*, assault with intent to commit robbery, but the district court permitted the government to amend this charge at the close of its case to assault with a deadly weapon, as a lesser included offense.  671 F. 2d at 764.  The Third Circuit concluded the district court erred in determining assault with a deadly weapon was a lesser-included offense, nevertheless the court held the amendment to the information did not violate Rule 7(e).  *Id.* at 766.  In reaching this conclusion, the Third Circuit noted:

> The question of whether a crime is an "additional or different" offense for purposes of amending an information pursuant to Rule 7(e) is not coextensive with the question of whether a crime is a lesser included offense of another . . . [and] it is not necessarily true that the amending of an information to include a crime which is not a lesser included offense will violate the rule.

*Id.* at 765.

The Third Circuit found the government's amendment of the information to include the assault with a deadly weapon charge permissible "[b]ecause . . . the detailed and particular language used in [the original count] . . . contained all the elements necessary to charge [both the original and amended counts]."  *Id.*  Consequently, "[i]f the government had proved all it had alleged, the crime shown would have constituted both an assault with intent to rob and assault with a deadly weapon."  *Id.*

*Bedford* is analogous to the instant case because, like *Bedford*, the facts set out in the probable cause statement of the violation notice, if proven, would meet the elements of both the commercial fishing and business operation charge.  Notably, as the magistrate judge concluded, "the violation notice here does describe and indeed reverts to the conduct found by the Court to have been a violation of [the business operation charge]."  (App. at 243.)  Accordingly, the court

10

holds, in the context of petty offenses cases, which receive less procedural protections than felony cases, *Dean*, 436 F. Supp. 2d at 491, that the business operation charge is not an "additional or different offense" for purposes of Rule 7(e).

### E. Prejudice

The final issue is whether the amendment to the violation notice prejudiced Defendant. The court finds Defendant was not prejudiced by the amendment to the violation notice. The government's February 9, 2011 letter notified Defendant about the amended charges approximately one month before the trial date.  Indeed, the defense informed the magistrate judge at the start of trial that it was prepared to defend against all charges, including the amended charges.  (App. at 31.)  Moreover, the business operation charge arises out of the same operative facts, involving the same witnesses, as the original charge.  Finally, Defendant conceded that he was not prejudiced by the amendment of the violation notice.  (*See* Hr'g Tr. at 17 ("[W]e're not arguing that there was prejudice or harm in the traditional sense . . . we agree that the letter cited the regulation in that sense but put the defense on notice.").)

Accordingly, because the amendment to the violation notice did not add an additional or different offense or prejudice Defendant, the conviction is affirmed.  *See Francisco*, 413 F. App'x at 218-19 (assuming *arguendo* that magistrate judge improperly amended violation notice, defendant was not prejudiced and, therefore, conviction would be affirmed); *United States v. Fitzgerald*, 1997 WL 44451, at *1 (4th Cir. Feb. 5, 1997) (per curiam) (Defendant "was not prejudiced by the amendment of the violation notice" after government presented its case because defendant "was on notice of the charge against him and the evidence relevant to that charge was presented at his trial[.]"); *Bedford*, 671 F. 2d at 765-766 (Defendant was not prejudiced by amendment of the information where he had "adequate notice of the charge that

was submitted to the jury."); *United States v. Pelose*, 538 F. 2d 41, 45 (2d Cir. 1976) (assuming *arguendo* the information was constructively amended, no prejudice resulted where counsel did not object to the amended charge and where appellant was not deprived of an opportunity to prepare a defense as a result of the amended charge).

**III.    Conclusion**

For the foregoing reasons, Defendant's conviction is affirmed.


SO ORDERED.

DATED:        Brooklyn, New York
                    August 8, 2012


_____/s/_____
                    DORA L. IRIZARRY
                    United States District Judge